Frank A. G-ulotta, J.
This article 78 proceeding brings up for review the action of respondents in allegedly summarily revoking petitioners’ cabaret license without just cause and *515 without affording them a hearing on at least two days’ notice as required by section VI of Village Ordinance No. 41.
An incident which took place directly outside of petitioners’ bar and grill on September 17, 1961, at 2:00 a.m. when some police officers were set upon and beaten by a group of petitioners’ patrons forms the factual basis for what was to follow. The facts will not be reviewed in greater detail since the determination here depends upon questions of law.
Based upon a report of the occurrence, respondent Mangravite, Mayor of the Village of Lynbrook, ordered respondent Waring, Police Chief of said village, to remove petitioners’ cabaret license.
It is the contention of petitioners that the act of removal was in fact an illegal revocation and to fortify their position they state that when the Chief took physical possession of the license he told them it was now revoked. They also assert that although a hearing on the question of revocation has now been set, this is merely an afterthought.
Even were we to assume that the respondent Waring made the pronouncement charged to him, at most it may only be considered as an expression of an opinion. Certainly he has neither the power nor authority to revoke a license. Furthermore, he states unequivocally that he was ordered by the Mayor to remove the “license pending a hearing to be held before the mayor pursuant to Village Ordinance 41 ”.
In addition thereto the Village Clerk who is charged with keeping the record book of licenses certifies that it is his duty to record any revocation or cancellation of licenses and that there is no such notation for petitioners’ license.
On the other hand, respondents assert that the removal of the license was merely an exercise by the Mayor of his power to suspend pending a hearing and point to section 91 of the Village Law, which states: “ The [Mayor] may suspend any such license until the next meeting of the board of trustees, and thereupon the said license may be revoked or continued by the board.”
A hearing has in fact been scheduled. There is no merit to petitioners’ contention that in conformity with section 91 the matter should have been determined at the September 18 meeting of the Board of Trustees, that being their next meeting following the suspension, since that would have been the day following the suspension and would not have allowed for the notice required to be given a licensee under the Village Ordinance.
*516 The questions of the sufficiency of the notice of hearing, the merits of the controversy, and the issue of whether the power of revocation as set forth in the ordinance is invalid in that it contravenes section 91 of the Village Law are not passed upon since we do not reach those questions in this proceeding. We are presently concerned only with due process as far as the case has gone.
Since there is no final determination which can be reviewed by this court, and it cannot be said that the Mayor acted arbitrarily in exercising his power to suspend pending a hearing, the petition is dismissed.